| AUSA: | Susan Fairchild | Telephone: | (313) 226-9577 |
|---|---|---|---|
| AO 91 (Rev. 11/11) Criminal Complaint Agent: | Alexander Carlson | Telephone: | (313) 450-2590 |

# UNITED STATES DISTRICT COURT
for the

Eastern District of Michigan

United States of America
v.
Jaime RIVERA-LOPEZ

Case No.

Case: 2:25−mj−30553
Assigned To : Unassigned
Assign. Date : 9/3/2025
Description: CMP USA V. RIVERA−LOPEZ (DJ)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __August 31, 2025__ in the county of __Wayne__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. 1326(a) | Unlawful Re-Entry Following Removal from the United States |

This criminal complaint is based on these facts:
See Attached Affidavit

☑ Continued on the attached sheet.

_____
Alexander Carlson, U.S. Border Patrol Agent

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: __September 3, 2025__

City and state: __Detroit, MI__

_____
*Judge's signature*

Kimberly Altman, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT

I, Alexander Carlson, declare the following under penalty of perjury:

1. I am a Border Patrol Agent with the United States Department of Homeland Security, United States Border Patrol. The facts set forth herein are based upon my personal knowledge as well as information provided by other law enforcement officers to include Border Patrol Agents and record checks of law enforcement databases. I have also reviewed the immigration file and system automated data relating to Jaime RIVERA-Lopez, a native and citizen of Mexico.

2. This affidavit is submitted for the limited purpose of establishing probable cause in support of a criminal complaint and arrest warrant for RIVERA-LOPEZ, for a violation of 8 U.S.C. §1326, Unlawful Re-Entry Following Removal. I have not included every fact known to law enforcement related to this investigation.

3. On or about February 03, 2005, RIVERA-LOPEZ was sentenced to 12 months' probation, 1 day in jail and a $1295 fine in the State of Michigan 18th District Court for misdemeanor Operated While Impaired by Liquor.

4. On or about July 27, 2006, RIVERA-LOPEZ was sentenced to 12 months' probation, 64 days' in jail and a $1470 fine in the State of Michigan 18th District Court for misdemeanor Operated While Impaired by Liquor.

5. On or about February 02, 2012, Immigration and Customs Enforcement agents encountered RIVERA-LOPEZ near Westland, Michigan during fugitive operations. RIVERA-LOPEZ was processed as a Warrant of Arrest/Notice to appear.

6. On or about February 16, 2012, RIVERA-Lopez was ordered removed by an Immigration Judge in Detroit, Michigan. On February 21, 2012, RIVERA-LOPEZ was removed to Mexico through Laredo, Texas.

7. On August 30, 2025, the Romulus Police Department contacted the United States Border Patrol Gibraltar Station requesting assistance from agents with a subject, later identified as RIVERA-LOPEZ, who was encountered as a passenger during a traffic stop.  The officers suspected the driver of the car was driving under the influence of alcohol. When RIVERA-LOPEZ exited the car, he was uncooperative with the officers and smelled of alcohol. Romulus Police Department arrested RIVERA-LOPEZ for resisting arrest. Border Patrol Agents placed an I-247 immigration detainer on RIVERA-LOPEZ - requesting to be notified when he was released from Romulus Police custody.

8. On August 31, 2025, the Romulus Police Department contacted Border Patrol Agents in reference to the immigration detainer after deciding to drop charges against RIVERA-LOPEZ for resisting arrest. Border Patrol Agents arrived at the Romulus Police Department and conducted an immigration inspection on RIVERA-LOPEZ.  The agents determined that RIVERA-LOPEZ was an alien who unlawfully entered the United States at a time and place other than as designated by the Secretary of the Department of Homeland Security of the United States and without express permission to re-apply for entry.  The agents assumed custody of RIVERA-LOPEZ and transported him to the Gibraltar Border Patrol Station for further processing.

9. While at the Gibraltar Border Patrol Station, RIVERA-LOPEZ's fingerprints and photograph were captured and entered into the Automated Biometric Identification System (IDENT) and the Next Generation Identification (NGI). The results revealed that RIVERA-LOPEZ is a citizen of Mexico, with no record of obtaining permission to apply to re-enter the United States following his last removal on February 21, 2012.

10. The aforementioned arrest and subsequent detention was an administrative, non-criminal action made pursuant to the authority found in sections 1357, 1225, 1226, and/or 1231 of Title 8, United States Code to arrest and detain any alien entering or attempting to enter the United States, or any alien

2

present in the United States, who is reasonably believed to be in violation of any law or regulation regulating the admission, exclusion, expulsion, or removal of aliens.

11. Review of the Alien File (A# XXX XXX 363) for RIVERA-LOPEZ, and queries in U.S. Department of Homeland Security databases confirm no record exists of RIVERA-LOPEZ obtaining permission from the Attorney General or the Secretary of the Department of Homeland Security to re-apply for admission to the United States after his removal from the United States on February 21, 2012.

12. Based on the above information, I believe there is probable cause to conclude that Jaime RIVERA-LOPEZ is a native and citizen of Mexico, who was previously removed from the United States and was thereafter found in the United States, without the express permission from the Attorney General of the United States or from the Secretary of the Department of Homeland Security to re-apply for admission into the United States in violation of Title 8, United States Code, Section 1326(a)

_____
Alexander T. Carlson, U.S. Border Patrol Agent

Sworn to before me and signed in my
presence and/or by reliable electronic means.

_____
Honorable Kimberly Altman
United States Magistrate Judge

September 3, 2025